UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
THOMAS KLOS AND SUZANNE GRANGER,

        Plaintiffs,

        -against-

SHELLY MEYER, AND WAL-MART
STORES, Inc.,

        Defendants.
--------------------------------------------------------------x
FEUERSTEIN, J.

FILED
IN CLERKS OFFICE
U.S. ~~ COURT ED N.Y:
★ DEC 1 2 2005 ★
P M. _____
TIME A.M. _____

**OPINION & ORDER**
05-cv-5296 (SJF) (LB)

I.    Introduction

Plaintiffs Thomas Klos and Suzanne Granger ("Plaintiffs") filed this *pro se* action on November 4, 2005, asserting violations of 42 U.S.C. §§ 1983 and 1985, the Americans With Disabilities Act, 42 U.S.C. § 12101 (the "ADA"), criminal solicitation under NY CLS Penal Article 100 and slander. The Court grants Plaintiffs' request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint for the reasons set forth below.

II.    Background

Plaintiffs, both residents of Farmingdale, New York, bring this suit in connection with an incident that allegedly occurred on November 7, 2002 at a Wal-Mart store in East Meadow, New York.[1] Plaintiffs bring suit against Shelly Meyer ("Shelly"), an employee of the East Meadow store, as well as "Wal-Mart Stores, Inc." ("Wal-Mart"). According to Plaintiffs, after purchasing ten large plastic totes with lids on November 7, 2002 at the Wal-Mart in East Meadow, Shelly

---

[1] The Court notes that the Complaint, while filed on November 4, 2005, is dated April 11, 2005 and signed only by Granger.

1

stopped them at the exit and requested to see their receipt, as per store policy. The complaint states that

> Klos responded to Shelly, indicating that he would not show Shelly his receipt and proceeded towards the exit of the store . . . . Shelly then began to yell quite loudly at plaintiffs, creating a huge scene and accusing them of stealing from the store, all the while attempting to pull the ten totes from Klos's grasp. Shelly's yelling caused Granger to feel immense anxiety, and caused her to begin having an anxiety attack. Klos continued towards the parking lot with his totes while trying to address Granger's anxiety attack.

(Compl. ¶ 11). The complaint further states that

> Plaintiffs eventually arrived at their vehicle, followed by two dozen or more people who had been riled by Shelly's boisterous and incessant accusations and yelling, and placed the ten totes on the ground to open the vehicle trunk. At this point, another unidentified individual attempted to grab the totes, but was unsuccessful. Another unidentified individual made extremely threatening gestures towards Klos, but stopped short of making physical contact. Klos eventually was able to place the totes in the trunk, and then, with some effort, was able to get Granger into the vehicle, Shelly yelling all the while.

(Id. ¶ 14). Shortly thereafter, Plaintiffs claim that "[a]s Klos proceeded away from the crowd a second time, he observed that a vehicle driven by one of the crowd Shelly had caused was now following him . . . . As Klos was turning into the parking lot of the gas station, the vehicle that was following him slammed into the rear of the vehicle Klos was driving." (Id. ¶¶ 19, 20).

As a result of the accident, plaintiffs allege that they sustained multiple physical injuries and suffered emotional distress. (Id. ¶ 26). The complaint further states that "Wal-Mart Stores, Inc. knew or should have known that their policy of checking customers' receipts as they leave the store, could lead to their employees engaging in outrageous conduct, or inciting others into engaging in outrageous conduct." (Id. ¶ 28). Plaintiffs seek declaratory and compensatory relief.

III.    Standard of Review

In reviewing Plaintiffs' complaint, the Court is mindful that because Plaintiffs are proceeding *pro se,* their submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004).  However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because the federal claims asserted by Plaintiffs are plainly frivolous, the Court is obligated to dismiss those claims, thereby removing any subject matter jurisdiction over the action.

IV.    Analysis

A.    42 U.S.C. §§ 1983

In order to state a claim under § 1983, a plaintiff must allege that "the conduct complained of . . . [was] committed by a person acting under color of state law," and that "the conduct complained of . . . deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)).  Plaintiffs complain of actions taken by a private individual and a private corporation, neither of which have been alleged to have acted in concert with officials who were acting under color of law. Housand v. Heiman, 594 F.2d 923, 925 n. 3 (2d Cir. 1979). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut.

3

Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v.

Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("[S]tate action may be

found if, though only if, there is such a 'close nexus between the State and the challenged action'

that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting

Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). Because Plaintiffs' allegations are

limited to private actions taken by private citizens, their § 1983 claim lacks an arguable basis in

law or fact and is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). Spencer v. Doe,

139 F.3d 107, 111 (2d Cir. 1998) (affirming district court's *sua sponte* dismissal of a § 1983

action because the defendants were not amenable to suit under § 1983); Neitzke v. Williams, 490

U.S. 319, 325 (1989). Plaintiffs' § 1983 claim is therefore dismissed.

      B.     42 U.S.C. § 1985

     § 1985 provides that

> [i]f two or more persons in any State or Territory conspire . . . for the purpose of
> depriving, either directly or indirectly, any person or class of persons of the equal
> protection of the laws, or of equal privileges and immunities under the laws . . .
> [and] do, or cause to be done, any act in furtherance of the object of such
> conspiracy, whereby another is injured in his person or property, or deprived of
> having and exercising any right or privilege of a citizen of the United States, the
> party so injured or deprived may have an action for the recovery of damages
> occasioned by such injury or deprivation, against any one or more of the
> conspirators.

42 U.S.C. § 1985(3). A plaintiff seeking to assert a claim under § 1985 "must allege, inter alia,

that the defendants who allegedly conspired sought, with discriminatory intent, to deprive the

plaintiff of a right covered by the Constitution or other laws . . . ." Spencer v. Casavilla, 903

F.2d 171, 174 (2d Cir. 1990). Plaintiffs have utterly failed to offer any allegations to this effect,

and their § 1985 claim therefore "lacks an arguable basis either in law or in fact." Neitzke, 490

U.S. at 325. It is therefore dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

C.     The ADA

Plaintiffs have failed to cite any specific provision of the ADA under which they claim to have a cause of action, nor have they alleged any disability. Their ADA claim clearly lacks any basis in law or fact. As such, it is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and is hereby dismissed.

D.     Plaintiffs' Remaining Claims

The subject matter jurisdiction of federal district courts is limited and set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a 'federal question' is presented, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1331 and 1332. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" United Food & Commercial Workers Union, Local 919, AFL-CIO v. Center Mark Properties Meriden Square, Inc., 30 F.3d 298, 301(2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Authority of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking, . . . dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(h)(3). Because Plaintiffs have not asserted any non-frivolous federal claims, and diversity jurisdiction is lacking, this Court lacks subject matter jurisdiction and the remaining claims are therefore dismissed.

V.     Conclusion

Plaintiffs' claims are DISMISSED. The Clerk of the Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not

be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an

appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).


IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: November 3c, 2005
Brooklyn, New York

To:

Thomas Klos
Suzanne Granger
117 Merritts Road
Farmingdale, NY 11735